ACCEPTED
05-15-00080-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/30/2015 4:10:32 PM
LISA MATZ
CLERK

**NO. 05-15-00080-CV**

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

3/30/2015 4:10:32 PM
LISA MATZ
Clerk

JOHN H. WHITFIELD,
AND TAMMY WHITFIELD,

*Appellants*,

v.

FIG TREE APARTMENTS,

*Appellees*.

---

## MOTION TO DISMISS APPEAL

---

Claire Elizabeth Carroll
State Bar No. 24092224
MUNSCH HARDT KOPF & HARR PC
500 N. Akard Street, Ste. 3800
Dallas, Texas 75201-6659
Tel: (214) 855-7500
Fax: (214) 855-7584
ccarroll@munsch.com
ATTORNEY FOR APPELLEE,
FIG TREE APARTMENTS

**MOTION TO DISMISS APPEAL** **Page 1 of 3**

## MOTION TO DISMISS APPEAL

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS FOR THE FIFTH JUDICIAL DISTRICT OF TEXAS:

Appellee Fig Tree Apartments files this Motion to Dismiss the Appeal, and would respectfully show the Court the following:

1. Appellants are John H. Whitfield and Tammy Whitfield. Appellee is Fig Tree Apartments.

2. The trial court entered its Amended Final Judgment on January 15, 2015. On January 21, 2015, Plaintiff Tammy Whitfield filed a Notice of Appeal.

3. On January 21, 2015, the parties reached a settlement agreement. The terms of this agreement were entered into the record orally at a hearing that same day. The Reporter's Record for that hearing is attached hereto as Exhibit 1.

4. Pursuant to the settlement agreement, on January 23, 2015, the trial court: (1) vacated the January 15, 2015 Judgment, a true and correct copy of which is attached as Exhibit 2; and (2) entered a new judgment, a true and correct copy of which is attached as Exhibit 3. Accordingly, this appeal is moot.

5. Pursuant to the settlement, Appellee Fig Tree Apartments seeks a dismissal of this appeal with prejudice.

MHDocs 6037890_2 11077.16

WHEREFORE, PREMISES CONSIDERED, Appellee Fig Tree Apartments respectfully requests that the Court dismiss this appeal with prejudice, and for such other and further relief as to which it may be justly entitled.

Dated: March 30, 2015

Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, PC.**

*(signature)*

Claire Elizabeth Carroll
State Bar No. 24092224
E-mail: ccarroll@munsch.com
500 N. Akard Street, Ste. 3800
Dallas, Texas  75201-6659
Tel: (214) 855-7500
Fax: (214) 855-7584
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, on this 30th day of March, 2015, to the following:

| | |
|---|---|
| John H. Whitfield<br>2110 Mosier Avenue<br>Apartment 115B<br>Dallas, Texas 75205 | Tammy Whitfield<br>2110 Mosier Avenue<br>Apartment 115B<br>Dallas, Texas 75205 |

*(signature)*

Claire Elizabeth Carroll

**MOTION TO DISMISS APPEAL**                                     **Page 3 of 3**

# EXHIBIT 1

REPORTER'S RECORD

VOLUME 1 OF 1

TRIAL COURT CAUSE NO. 14-06144-C

FIG TREE APARTMENTS,          (    IN THE COUNTY COURT
                              (
          Plaintiff,          (
                              (
VS                            (    AT LAW NO. 3
                              (
JOHN H. WHITFIELD and ALL     (
OTHER OCCUPANTS, TAMMY L.     (
WHITFIELD,                    (
                              (
          Defendants.         (    DALLAS COUNTY, TEXAS


-----------------------------------

RULE 11 AGREEMENT

-----------------------------------


On the 21st day of January, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Sally L. Montgomery, Judge presiding, held in Dallas, Dallas County, Texas:

Proceedings reported by machine shorthand.

A P P E A R A N C E S

GREGORY C. NOSCHESE
SBOT NO. 00797164
Munsch Hardt Kopf & Harr, P.C.
500 N Akard St
3800 Lincoln Plz
Dallas, TX  75201
214/855-7589
ATTORNEY FOR PLAINTIFF

INDEX

JANUARY 21, 2015

| | Page | Vol. |
|---|---|---|
| Announcements. . . . . . . . . . . . . . . | 4 | 1 |
| Proceedings. . . . . . . . . . . . . . . . | 4 | 1 |
| Adjournment. . . . . . . . . . . . . . . . | | |
| Court Reporter's Certificate . . . . . . . . | 207 | |

2

P R O C E E D I N G S

THE COURT:  Back on the record on 14-6144-C.

Starting with you, state your name for the

record.

MR. NOSCHESE: Greg Noschese N-o-s-c-h-e-s-e.

THE COURT: You're an attorney?

MS. CAROL: Yes, ma'am.

THE COURT: State your name.

MS. CAROL: Claire Carol.

THE COURT: Okay. I'm going to swear you both in.

(The witnesses were sworn.)

THE COURT: Okay. And so it's Tammy and John Whitfield.

MR. WHITFIELD: Yes, ma'am.

MS. WHITFIELD: Correct.

THE COURT: My understanding is you have an agreement in this case.

There was a judgment signed January 9. It was amended January 15th, and I think -- let me see if I can state this, and if y'all agree. The agreement is that Fig Tree Apartments will forgo their monetary judgment against the Whitfields and that the Whitfields -- and let you stay until January 30.

MR. NOSCHESE: Correct, Your Honor.

THE COURT: Which is a Friday. I assume midnight?

MR. NOSCHESE: Yes, ma'am. Yes, Your Honor.

11:59.

THE COURT: What happened to the 31st?

MR. NOSCHESE: It was always the 30th.

THE COURT: Okay. January 30th. And that the Whitfields will drop any discrimination charges against them or complaints against Fig Tree Apartments. It will be mutual. And what I could do -- I've been thinking ever since y'all have been here -- I could vacate my judgments. And then if they're not out by midnight Friday night, I will sign another judgment.

MR. NOSCHESE: Actually, Your Honor, if the Court could enter a new order today.

THE COURT: I can do that. That would get us to the 31st.

MR. NOSCHESE: That carries to that Monday.

THE COURT: But, see, I won't know is the problem.

MR. NOSCHESE: If the Court could enter an order --

THE COURT: I could sign a judgment dated --

MR. NOSCHESE: The 23rd.

THE COURT: -- the 23rd.

MR. NOSCHESE: Correct.

THE COURT: So that'll give me jurisdiction through February 2nd. So I would need to hear from y'all

February 2. If you're out, I will vacate that judgment, and we'll just dismiss it, and that'll be the end of it. Except in the meantime we'll have a Rule 11 where you all agreed to drop all complaints against them of any kind.

Will that work?

MR. WHITFIELD: Yes, ma'am.

MR. NOSCHESE: The only thing that we had agreed on with Mrs. Whitfield was the 570 that's in the registry of the court would go to the landlord.

MS. WHITFIELD: What are your thoughts on that?

MR. WHITFIELD: Well, I paid 570 for 202. We was trying to get it back so we could find a place to go. That's why -- because they called -- someone called.

THE COURT: But you only paid 570 over four months. So they really are definitely entitled to that money.

You really should. You just need to find another place, but you will have a clean bill of health. You will not have anything hanging over your head. And you've only paid $570 for four months to stay there.

MR. WHITFIELD: I understand that, Your Honor, but what I'm saying is the reason why I couldn't pay is because of what happened.

THE COURT: That's up to y'all. You can discuss that.

MR. WHITFIELD: So if we can get our money back. Somebody called my parole officer about my rent and everything, trying to get me sent back to prison and everything.

THE COURT: I'm going to let y'all go chat for another minute and tell me what you want to do. I guess the issue is over the 570.

I don't want to get involved in this. Y'all talk.

MS. WHITFIELD: May I ask you a question?

THE COURT: No, I'm going to wait.

(Pause)

THE COURT: And?

MR. NOSCHESE: Your Honor, I couldn't figure out exactly what they wanted. They continue to want the 570 in the registry. And, given all of the other sacrifices the client's already made, we're just not willing to do that.

THE COURT: Okay. Well, you don't have to.

Here's the thing, guys. If you don't reach an agreement -- you weren't here for the discussion earlier.

MR. WHITFIELD: No, ma'am.

THE COURT: But here's the thing. They are entitled to get a writ of possession today. So they're

going to get it, like, tomorrow or the day after if you don't reach an agreement. This gives you another week.

MR. WHITFIELD: So just give us one week.

THE COURT: Yeah. There was a judgment against you on the 9th in the first place. So basically what I'm going to let them do is have that judgment back on the 9th or we can just leave the one we've got right now. They can still get their writ.

MR. WHITFIELD: Okay. Well --

THE COURT: If they don't want to give it to you, they don't have to. And you will be out, and you will not have a clean bill, and you will have a judgment against you. So you can still go ahead and pursue your actions against them, but I would rather have a clean bill of health and have an extra week to try to scrape together some more money.

MR. WHITFIELD: I feel like if I have one week, ma'am, I'm pretty sure I could talk to my dad and my grandmother because I feel like the reason why I couldn't work, ma'am, is because of Eddie Payne. He got me locked up, and he lied. I could prove everything.

So I would rather take my chance and fight. We was humiliated. He paid somebody --

THE COURT: Here's the thing. You're still going to have an eviction judgment against you. It's

going to affect your ability to rent from now on. I frankly would rather walk away and not take my chances with a clean bill of health and pray for forgiveness. It's up to you. But it's your decision.

MS. WHITFIELD: May I ask something at this point, though? If Mr. Payne or any parties make any retaliatory statements from this point forward --

THE COURT: You can get him.

MS. WHITFIELD: So we're clear with that. We can still go from this day forward.

THE COURT: Yes.

MR. WHITFIELD: Okay, ma'am.

THE COURT: I don't know how they're going to retaliate because you'll have an agreement to move out.

MS. WHITFIELD: Mr. Payne is --

THE COURT: I don't know how you -- I don't think you're going to be able to get somebody to go and find you innocent as in the Innocent Project. I think you're stuck with whatever has occurred. So I don't think your retaliation lawsuit -- you'll have a hard time winning it. At least they haven't hurt your rental record.

MS. WHITFIELD: I'm looking at that aspect.

THE COURT: It's very important.

MS. WHITFIELD: Right. Also, I wanted

clarification, if I may. He said that if we're not out by midnight, January 30 or 31.

THE COURT: 30.

MS. WHITFIELD: Then a motion goes forward for what again?

THE COURT: Then the judgment will stay in place. I'm signing a new date on it so they can come in on Monday and dismiss it. You can, too. Tell them you've moved. And I'm going to vacate this judgment. It will just be a dismissal. That's why I'm going to sign a new one so I still have jurisdiction, and you can move out.

MS. WHITFIELD: Okay. But we do have to be out by midnight, January 30, no ifs, ands, or butts, or that judgment stands?

THE COURT: Right.

MRS. WHITFIELD: So that's what? Nine days?

MR. WHITFIELD: Five days.

THE COURT: Yeah, but you've had since the 9th of January.

MS. WHITFIELD: Right. I understand. I'm just thinking out loud.

THE COURT: Normally it's five days. And if you hadn't put the money in the registry like you did --

MS. WHITFIELD: It would have already taken

place.

THE COURT: Right. So the 570 bought you a month, really.

MS. WHITFIELD: So I guess what I'm saying is if any parties thereof make any comments, slanders --

THE COURT: Just between you guys. It's, So what?

MS. WHITFIELD: From going forward, we can do that.

THE COURT: Only if it's made to a third party. Y'all should keep it clean between you all. It's not a big deal. It's just words.

Didn't your grandparents or parents say, Sticks and stones can break my bones, but words can never hurt me?

MS. WHITFIELD: But if anything comes about --

THE COURT: It's not going to affect you getting a new home.

Now, you talk to your clients and tell them they have a clean bill of health, so they can move.

MR. NOSCHESE: I will. And likewise, Your Honor, we ask the Court tell the Whitfield's --

THE COURT: They're giving up all claims. Besides, your tearing the place down. How can they hurt you? It's incinerated.

MR. NOSCHESE:  Actually --

THE COURT:  Y'all are going to be out of business for a while.  So how can they damage you?  Put you out of business?  No, you're out of business.  They're just trying to drop it and move on.

Hang on a minute.

(Pause)

THE COURT:  Here's what we're doing.  I'm going to vacate my January 15th judgment.  I'm going to sign another judgment that you all are going to agree to, which is the January 9 judgment.  And the only difference is between the two, if you recall, it's a supersedeas bond because you're going to give up your right to appeal on this one.

And my understanding is there's an agreement among you all -- and tell me if this is true or not -- that the Whitfields will vacate this property by midnight, January 30, and the apartment will therefore have possession January 31st.  And in return they will not only extend this added possession time for you, but they will drop the money judgment against you that's going to be reflected in this January 23rd judgment I'm drafting up, which I'm not signing today.  I'm not going to sign it until January 23rd so that I still have jurisdiction February 2.  So if y'all move out, this will

be vacated, and there will be just an order to dismiss against you.

MS. WHITFIELD: Okay.

THE COURT: And this will let you move. It will clean up your rental record. They get the $570 in the registry, which they're definitely due. And in return my understanding is the Whitfields will drop all complaints and claims against Fig Tree Apartments for conduct that's occurred between the parties in the past.

MS. WHITFIELD: Correct.

THE COURT: Correct.

MS. WHITFIELD: Correct.

THE COURT: Mr. Whitfield.

MR. WHITFIELD: Yes, ma'am.

MR. NOSCHESE: That is correct, Your Honor. If I could have clarification to add the HUD cause number.

THE COURT: Sure, I'll let you do that. And what we're doing right now is a Rule 11. It's like a contract. It's on the record, so it's the same thing as if you wrote it down. So go ahead.

MR. NOSCHESE: HUD case number 06-15-0351-8. And that would have to be dismissed on or before January 30th of 2015.

THE COURT: That Friday afternoon. Maybe you need -- they should have your phone number, and somehow

y'all need to get back and forth.  You need to do something in writing where he can have it by that afternoon.  Has to be during business hours and not at 4:59.  You may want to do it the day before once you get it straight where you're moving.  It wouldn't hurt if you could move a day or two earlier and dismiss it, the sooner, the better.

MR. NOSCHESE:  The only other thing, Your Honor, I was seeking clarification on is it's release of all claims against the Fig Tree Apartments, its employees, agents, and property managers.

THE COURT:  Correct?

MR. WHITFIELD:  (Witness nods.)

THE COURT:  Got to say something.

MR. WHITFIELD:  Yeah.

THE COURT:  Okay.

MS. WHITFIELD:  And that's where my question came.  That's pursuant to anything that has happened to this date, correct?

THE COURT:  Yes, and it's called priorty claim, prior to right this minute.

MS. WHITFIELD:  Yes, ma'am.  Yes, Your Honor.

THE COURT:  We're just going to bury the hatchet.

MS. WHITFIELD:  So if anything were to take

place after this date with those parties again, if they did something again, would that also be --

THE COURT: Yeah, but let me tell you what. I don't know how it's going to damage it. You're not going to have a very good claim. How is he going to damage you? You're going to move. You're going to have a spotless record.

The only damage would be if the apartment gave you all a bad reference, and they can not give you a bad reference. That would be the only thing that would create a damage.

MS. WHITFIELD: Or if they tried to do something like they did with him before that started this whole situation.

THE COURT: Well, sure, you know, but that would be a whole new incident.

MS. WHITFIELD: Right. So we would be free on that, correct?

THE COURT: Right.

You can't enter this until the 23rd.

MR. NOSCHESE: That is correct, Your Honor.

THE COURT: I'm going to give it to you. You'll need to get it to my clerk. I'll forget. And he doesn't need it before the 23rd.

MR. NOSCHESE: Okay.

THE COURT: Okay. I'm sorry for the issues.

MR. NOSCHESE: Everybody's on their way to a new and fresh start.

Your Honor, can we make it clear that they agreed to all the terms that we've discussed?

THE COURT: I think they did. Why don't you say yes again.

MS. WHITFIELD: Yes.

MR. WHITFIELD: Yes.

MR. NOSCHESE: Voluntary, nobody's forcing them to do anything.

MS. WHITFIELD: Well, considering the circumstances.

THE COURT: Tough choices.

MS. WHITFIELD: Yeah, tough choices. Right.

THE COURT: Right.

MR. WHITFIELD: Yes, ma'am.

THE COURT: Okay. Good luck.

MS. WHITFIELD: Thank you.

MR. NOSCHESE: Thank you, judge.

(End of proceedings)

STATE OF TEXAS        )

COUNTY OF DALLAS      )

        I, Janet E. Wright, Official Court Reporter in and for the County Court of Dallas County, Texas, County Court at Law Number Three, State of Texas, do hereby certify that to the best of my ability the above and foregoing contains a true and correct transcription of all portions of evidence and proceedings requested in writing to be included in the Reporter's Record, in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me.

        I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

        I further certify that the total cost for the preparation of this Reporter's Record is $85.00 and was paid by Mr. Noschese.

        WITNESS MY OFFICIAL HAND this the 25th day of January, 2015.

                              /s/  Janet E.  Wright
                       _____
                       JANET E. WRIGHT, Texas CSR #1532
                       Expiration Date:  12-31-15
                       Official Court Reporter
                       County Court-at-Law No. 3
                       600 Commerce Street, Suite 585
                       Dallas, Texas  75202
                       214/653-7831

# EXHIBIT 2

Cause No. cc-14-6144-c

Fig Tree Apartments                                    IN THE COUNTY COURT

    Plaintiff

vs.                                                                    AT LAW NO. 3

John H Whitfield etal
    Defendant                                            DALLAS COUNTY, TEXAS

### ORDER TO VACATE *Final Judgment and* AMENDED FINAL JUDGMENT *a Final Judgment and a subsequent*

On the 15th day of January, 2015, this Court, signed *a* Amended Final Judgment. The Court has reconsidered its order *at* and finds *these* order should be vacated.

    IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the *Final* Judgment of 1/9/15 and the Amended Final Judgment *are* vacated. *⌐ 1/15/15*

    SO ORDERED this 21 day of January, 2015

_____
Judge Sally L. Montgomery

CC-14-06144-C
COVA
ORDER - VACATE (OCA - REOPEN CASE)
741911

# EXHIBIT 3

CAUSE NO. CC-14-06144-C

| | | |
|---|---|---|
| FIG TREE APARTMENTS, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| JOHN H. WHITFIELD, TAMMY LYNN | § | |
| WHITFIELD And All Other Occupants | § | |
| | § | |
| Defendants | § | COUNTY COURT NO. 3 |

## FINAL JUDGMENT

Came on for trial on the 23rd of January, 2015, the above entitled and numbered cause. Plaintiff and Defendants appeared . All issues of fact and law were tried to the Court. The Court, after having received the evidence presented, testimony of the witnesses and argument of counsel issues the following order.

The Court finds that Plaintiff is entitled to exclusive possession of that residence located at 2110 Moser Ave., #115B, Dallas, Texas 75206, the "Property").

The Court further finds that Plaintiff is entitled to recover the following amounts:

a) court costs in the amount of $206.00; and

b) damages in the amount of $2,280.00 in past due rent less the $570 in the Registry of the Court for a total amount of $1710.00.

The Court finds that an appeal bond has been paid into the registry of the court in the amount of $570.00, and the Court Orders that this appeal bond be paid to the Plaintiff upon presentation of this Judgment.

IT IS ORDERED that Plaintiffs FIG TREE APARTMENTS shall have and recover Judgment against Defendants JOHN H. WHITFIELD and TAMMY LYNN WHITFIELD the

total amount of $1960.00 plus post-judgment interest in the amount of 5% per annum until judgment is paid in full.

ORDERED that Plaintiff shall be entitled to possession of the Property *on January 31 2015,* , and the Clerk of this Court is so directed, to issue a Writ of Possession in favor of Plaintiff to allow Plaintiff possession of the Property.

This judgment is a final judgment as to these parties.

SIGNED this 23rd day of January, 2015,

*Sally L. Montgomery*

JUDGE PRESIDING .